UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAVIER SANCHEZ, ) | CASE NO. 1:13 CV 320 |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MICHAEL RUSSO, Judge, et al., ) | AND ORDER |
| Defendants. ) | |

On February 13, 2013, Plaintiff *pro se* Javier Sanchez filed this 42 U.S.C. § 1983 action against Cuyahoga County Common Pleas Judge Michael Russo and Cuyahoga County Prosecutor Tim McGinty. Defendants filed a Motion to Dismiss (ECF Doc #5) on March 1, 2013.

The Complaint indicates Plaintiff is being held at the Cuyahoga County Jail as a pretrial detainee. He alleges his detention is pursuant to an arrest warrant that was not properly completed and/or executed in a timely manner. Plaintiff asserts his confinement therefore constitutes cruel and unusual punishment and violates due process. He seeks damages and release from custody.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of

his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). As regards damages, Defendants are absolutely immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 387 U.S. 547 (1967) (judges); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutors). The Complaint does not contain allegations reasonably suggesting Defendants acted outside the scope of those duties.

Accordingly, the Motion to Dismiss is denied as moot, and this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE